UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
JUSTIN J. GUMBS,              :
                              :
        Plaintiff,           :    Civ. No. 19-18864 (NLH)(JS)
                              :
     v.                      :    OPINION
                              :
WARDEN DAVID ORTIZ, et al.,  :
                              :
        Defendants.          :
_____:

APPEARANCE:
Justin J. Gumbs, No. 49309-048
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Plaintiff Pro se

HILLMAN, District Judge

     Plaintiff Justin J. Gumbs, an inmate presently incarcerated

at the Federal Correctional Institution at Fort Dix in Fort Dix,

New Jersey, seeks to bring this civil rights action in forma

pauperis, without prepayment of fees or security.  See ECF No. 1

(Complaint).

     Pursuant to Local Civil Rule 54.3, the Clerk shall not be

required to enter any suit, file any paper, issue any process,

or render any other service for which a fee is prescribed,

unless the fee is paid in advance.  Under certain circumstances,

however, this Court may permit an indigent plaintiff to proceed

in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the filing fee, in

2

installments, as follows.  28 U.S.C. § 1915(b)(1).  In each
month that the amount in the prisoner's account exceeds $10.00,
until the filing fee is paid, the agency having custody of the
prisoner shall assess, deduct from the prisoner's account, and
forward to the Clerk of the Court an installment payment equal
to 20% of the preceding month's income credited to the
prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his
Complaint that he must pay the filing fee, and that even if the
full filing fee, or any part of it, has been paid, the Court
must dismiss the case if it finds that the action: (1) is
frivolous or malicious; (2) fails to state a claim upon which
relief may be granted; or (3) seeks monetary relief against a
defendant who is immune from such relief.  28 U.S.C. §
1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. §
1915A (dismissal of actions in which prisoner seeks redress from
a governmental defendant).  If the Court dismisses the case for
any of these reasons, § 1915 does not suspend installment
payments of the filing fee or permit the prisoner to get back
the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while
incarcerated, brought in federal court an action or appeal that
was dismissed on the grounds that it was frivolous or malicious,
or that it failed to state a claim upon which relief may be

granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff has submitted neither the filing fee nor any application to proceed in forma pauperis. Plaintiff must submit either the filing fee or a complete application to proceed in forma pauperis before his civil action may be considered.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1] Plaintiff may re-open this matter within thirty (30) days by providing either the filing fee or a complete application to proceed in forma pauperis. An appropriate Order follows.


Dated:  October 17, 2019              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).