UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN J. GUMBS,<br><br>        Plaintiff,<br><br>   v.<br><br>DAVID E. ORTIZ, et al.,<br><br>        Defendants. | No. 19-cv-18864 (NLH) (MJS)<br><br><br>OPINION |

APPEARANCE:
Justin J. Gumbs
49309-048
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    *Plaintiff Pro se*

HILLMAN, District Judge

    Plaintiff Justin Gumbs, a federal prisoner presently incarcerated in FCI Fort Dix, New Jersey, seeks to bring a complaint against David Ortiz, the former warden of FCI Fort Dix; D.K. White, the warden of FCI Allenwood, Pennsylvania; and Ms. Blackwell, FCI Allenwood's Drug Treatment Specialist.  See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the

1

reasons set forth below, the Court will sever the complaint and send part of it to the United States District Court for the Middle District of Pennsylvania.  The Court will dismiss the claim against Warden Ortiz with prejudice for failure to state a claim.

I.   BACKGROUND

Plaintiff alleges that Warden Ortiz, Warden White, and Ms. Blackwell "STILL, SHAMELESSLY, trying to discourage, and 'play out the clock' on, [Plaintiff's] remaining term of incarceration, by CONTINUALLY DENYING him his rights; and will be, described, in the within COMPLAINT."  ECF No. 1 at 3 (emphasis in original).  Plaintiff entered the Bureau of Prisons' Residential Drug Abuse Program ("RDAP") on August 14, 2018.  Id.  On December 17, 2018, Plaintiff and another inmate were called to Ms. Blackwell's office in FCI Allenwood.  Id. at 4.  "She instructed both to sign a 'FORMAL WARNING' document (an R.D.A.P. sanction document . . . ) for, ALLEGEDLY, handing-in an R.D.A.P. workbook that contained empty, blank boxes that should have been filled-in."  Id. (emphasis in original).  They asked to examine the workbooks before signing, but Ms. Blackwell would not let them because she was busy and needed to get back to work.  Id.  She stated that she would show the books to the inmates another time and again directed them to sign the warning.  Id.

The inmates again refused to sign the warning without examining the contents of the workbooks. Id. Ms. Blackwell became angry and left after stating they could examine the books. Id. at 4-5. "Later, when summoned to the front of the Unit by [Ms. Blackwell], to let both review said workbook, both [inmates] examined said workbook, and found that NOTHING WAS LEFT BLANK; as Respondent Ms. Blackwell had INCORRECTLY CLAIMED." Id. at 5. Plaintiff questioned her prior statement that the workbooks had been left blank, and Ms. Blackwell indicated she would be referring both inmates for a formal Teams review. Id.

Plaintiff met with Ms. Blackwell and four other RDAP staff members. Id. Plaintiff "began to explain what had transpired, and that [Ms. Blackwell] had stated that she was 'overwhelmed' and that she 'did not have time to deal with this', etc., etc. She acknowledged that she did, INDEED, state those things." Id. She became angry when Plaintiff alleged she had used profanity and threw the workbook on the desk; Plaintiff was taken outside the office by staff. Id. The staff members told him they would finish the meeting later. Id. at 6.

Plaintiff was called to the Lieutenant's Office and put into the SHU. Id. The Lieutenant told Plaintiff he was placed into the SHU because he had angered Ms. Blackwell. Id. Plaintiff was charged with insolence towards a staff member.

3

ECF No. 1-1 at 16. Plaintiff alleges he was mistreated in the SHU and was not given any administrative remedy forms. ECF No. 1 at 6. Plaintiff states his mattress was very thin, causing discomfort to Plaintiff because of his broken foot and bone disease. Id. He also was not given his chemotherapy medication until two weeks later. Id. at 7.

Plaintiff attempted to appeal the disciplinary charge and his expulsion from RDAP. His appeals were administratively rejected, ECF No. 1-1 at 2-14, and he continued to try to exhaust his internal remedies after he was transferred to FCI Fort Dix, id. at 4, 8.

II.  STANDARD OF REVIEW

Section 1915A requires a court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is a prisoner seeking redress from an employee of the United States.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff raises claims against two employees of FCI Allenwood, Warden White and Ms. Blackwell. FCI Allenwood is in Allenwood, Pennsylvania, which is within the Middle District of Pennsylvania's jurisdiction. The Court will sever the complaint and transfer the claims against Warden White and Ms. Blackwell to the Middle District of Pennsylvania for consideration. 28 U.S.C. § 1631.

Plaintiff does not allege that former FCI Fort Dix Warden Ortiz had any part in Plaintiff's encounter with Ms. Blackwell or the conditions of the Allenwood SHU. His only claims against

5

Warden Ortiz appear to be based on how FCI Fort Dix addressed the administrative remedy process after Plaintiff's transfer. "Prisoners do not have a constitutional right to prison grievance procedures. Thus, defendants' alleged obstruction of such procedures is not independently actionable." Heleva v. Kramer, 214 F. App'x 244, 247 (3d Cir. 2007)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)).  Therefore, the Court will dismiss this claim.

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court finds that amendment would be futile because Plaintiff cannot remedy the deficiency in his claim against Warden Ortiz.  Leave to amend will be denied.

IV.  CONCLUSION

For the reasons stated above, the Court will sever the complaint and transfer the claims against Warden White and Ms. Blackwell to the Middle District of Pennsylvania.  The Court will dismiss the claim against Warden Ortiz with prejudice for failure to state a claim.  28 U.S.C. § 1915A(b)(1).

An appropriate order follows.

Dated: May 7, 2021                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.